UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

TYRONE GLEATON,
          *Defendant-Appellant.*

No. 02-4452

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Cameron M. Currie, District Judge.
(CR-01-871)

Submitted: April 30, 2003

Decided: May 30, 2003

Before WIDENER, WILKINSON, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Christopher J. Moran, LAW OFFICE OF CHRISTOPHER J. MORAN, Columbia, South Carolina, for Appellant. William Kenneth Witherspoon, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Tyrone Gleaton pled guilty to possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000). The district court adopted the findings in the presentence investigation report ("PSR") and sentenced Gleaton to 151 months of imprisonment, to be followed by a five-year term of supervised release.

Gleaton's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal, but raising the issue of whether the district court erred in converting $26,500 of the $36,684 seized from Gleaton's residence into an equivalent amount of cocaine base when calculating the quantity of drugs involved because those funds were earned or obtained through legitimate means. Gleaton has raised an additional issue of ineffective assistance of trial counsel in his notice of appeal.

Because Gleaton withdrew his objection to the calculation of the drug quantity in the district court, this claim is reviewed for plain error. Under the plain error standard, Gleaton must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). Even when these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). Because the district court properly relied on information in the presentence report, and Gleaton failed to present evidence demonstrating that any of the cash seized from his residence was earned or obtained through legitimate means, we conclude that the district court did not err in converting the cash into equivalent drug amounts. *See United States v. Randall*, 171 F.3d 195, 210-11 (4th Cir. 1999). Furthermore, Gleaton's claim of ineffective assistance of counsel should be brought, if at all, in a proceeding under 28 U.S.C. § 2255 (2000), because the record in this appeal does not conclusively establish ineffective assistance of counsel. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).

In accordance with the requirements of *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we deny Gleaton's motion to hold this case in abeyance, deny Gleaton's motion to relieve his appellate counsel, and affirm Gleaton's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*